UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02660-CAS-(PJWx) | Date | October 15, 2013 |
|---|---|---|---|
| Title | KALI A. GORDON V. STARBUCKS COFFEE COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** (dkt. 29, filed 9/20/13)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 28, 2013, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On February 21, 2013, plaintiff Kali Gordon filed this action in Santa Barbara County Superior Court against defendants Starbucks Coffee Company ("Starbucks"), Amanda Sturgis Melby, and Does 1 through 100. Plaintiff principally complains that she was fired from her employment at Starbucks because she refused to return to work shortly after giving birth. Compl. ¶¶ 10–16. On April 16, 2013, Starbucks removed the case to this Court.

The Court's scheduling order, issued August 12, 2013, provides that requests for leave to amend pleadings should be made no later than September 20, 2013. Dkt 15. On September 20, 2013, plaintiff filed a timely motion for leave to file a first amended complaint. Plaintiff's proposed first amended complaint adds three new claims under California law, all based on the same facts alleged in plaintiff's original complaint. The proposed first amended complaint also removes all reference to previously-dismissed defendant Amanda Sturgis Melby, as well as making minor factual and editorial changes. On October 7, 2013, defendants filed an opposition, arguing that plaintiff failed to comply with Local Rule 7-3, which requires that parties meet and confer prior to filing motions with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02660-CAS-(PJWx) | Date | October 15, 2013 |
|---|---|---|---|
| Title | KALI A. GORDON V. STARBUCKS COFFEE COMPANY ET AL. | | |

## II. LEGAL STANDARD

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend").

Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

## III. ANALYSIS

The Court concludes that, due to the "extreme liberality" with which leave to amend is granted, plaintiff should have leave to file her proposed first amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-02660-CAS-(PJWx) | Date | October 15, 2013 |
|---|---|---|---|
| Title | KALI A. GORDON V. STARBUCKS COFFEE COMPANY ET AL. | | |

complaint. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Starbucks' only argument in opposition to plaintiff's motion is that plaintiff failed to meet and confer prior to filing her motion as required by Local Rule 7-3. While the Court admonishes plaintiff to follow all local rules in the future, the Court does not believe that her failure to do so requires denial of this motion.[1]

Accordingly, the Court hereby GRANTS plaintiff's motion to file a first amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | MS | | |

---

[1] Even if the Court denied plaintiff's motion because of her failure to comply with Local Rule 7-3, plaintiff would simply refile her motion. Plaintiff's refiled motion would still be meritorious, as the Court would find good cause pursuant to Fed. R. Civ. P. 16(b)(4) to modify the scheduling order's September 20, 2013 deadline for requests for leave to amend.